IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IDEAL INNOVATIONS, INC., THE RIGHT PROBLEM, LLC, and ROBERT KOCHER,     Plaintiffs, | ) ) ) ) ) | No. 1:17-cv-00889 |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA,     Defendant, | ) ) ) | Senior Judge Edward J. Damich |
| and, | ) ) ) | |
| GENERAL DYNAMICS LAND SYSTEMS, INC; GENERAL DYNAMICS LAND SYSTEMS – FORCE PROTECTION, INC.; FORCE PROTECTION, INC.; and OSHKOSH CORPORATION,     Third-Party Defendants. | ) ) ) ) ) ) ) ) ) | ANSWER OF THE UNITED STATES OF AMERICA |

The United States of America ("the United States") answers Plaintiffs' complaint as follows:

### ALLEGATIONS ABOUT THE NATURE OF THE ACTION

1.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that Plaintiffs seek recovery for the alleged infringement of patents.

### ALLEGATIONS ABOUT THE PARTIES

2.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that Plaintiff Ideal Innovations, Inc. is a corporation organized under the laws of the Commonwealth of Virginia.  The United

States lacks sufficient information to admit or deny the remaining factual allegations, if any.

3.      The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that Plaintiff The Right Problem, LLC is organized under the laws of the Commonwealth of Virginia.  The United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

4.      The United States admits that Robert Kocher is one of the Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

5.      The United States admits that it is named as the defendant in this case.

JURISDICTION AND VENUE ALLEGATIONS

6.      The allegations in this paragraph are legal conclusions; to the extent a response is required the United States denies that the Court has jurisdiction.

7.      The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that the complaint purports to quote from the text of 28 U.S.C. § 1491(a)(1).

8.      The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that the complaint purports to quote from the text of 28 U.S.C. § 1498(a).

ALLEGATIONS ABOUT THE PATENTS-IN-SUIT

9.      The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that, based on the face of the '540 Patent,

on July 22, 2008 the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 7,401,540 ("the '540 Patent") from U.S. Patent Application Serial No. 11/507,089, filed on August 21, 2006.  The United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

10.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that, based on the face of the '648 Patent, on February 5, 2013 the USPTO issued United States Patent No. 8,365,648 ("the '648 Patent") from U.S. Patent Application Serial No. 12/153,269, filed on May 15, 2008. The United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

11.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that, based on the face of the '008 Patent, on February 18, 2014, the USPTO issued United States Patent No. 8,651,008 ("the '008 Patent")from U.S. Patent Application Serial No. 13/727,308, filed on December 26, 2012. The United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

12.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

## BACKGROUND ALLEGATIONS

13.     The United States admits that in 2005, tens of thousands of U.S. troops were deployed abroad as part of Operation Enduring Freedom and Operation Iraqi Freedom.

The United States admits that U.S. troops in Iraq and Afghanistan traveling in wheeled vehicles suffered casualties.  The United States lacks sufficient information to admit or deny the remaining factual allegations.

14.     The United States lacks sufficient information to admit or deny the allegations in this paragraph.

15.     The United States lacks sufficient information to admit or deny the allegations in this paragraph.

16.     The United States lacks sufficient information to admit or deny the remaining factual allegations in this paragraph.

17.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

18.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

19.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

20.     The United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

21.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the

factual allegations in this paragraph, if any.

22.     The United States denies that in July 2006 the REF tested sample armor kits pursuant to Mr. Kocher's invention, shooting these kits with EFP munitions, or that Mr. Kocher funded any such tests.  The United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

23.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that, based on the face of the '540 Patent, U.S. Patent Application Serial No. 11/507,089, which later issued as the '540 Patent, was filed on August 21, 2006.  The United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

24.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that the Army Contracting Agency issued contract no. W9124Q-06-P-0491.  The United States lacks sufficient information to admit or deny the factual allegations in this paragraph.

25.     The United States admits that Plaintiffs' prototypes were tested at the Aberdeen Proving Ground, in March and April 2007.  The United States lacks sufficient information to admit or deny the remaining factual allegations.

26.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

27.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the

factual allegations in this paragraph, if any.

28.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

29.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

30.     The United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

31.     The United States lacks sufficient information to admit or deny the factual allegations in this paragraph, if any.

32.     The United States lacks sufficient information to admit or deny the allegations in this paragraph.

33.     The United States admits that MARCORSYSCOM issued a request for proposal for a heavy vehicle program known as "MRAP-II" and at or near that timeframe initiated the MRAP Expedient Armor Program ("MEAP") program.  The United States lacks sufficient information to admit or deny the remaining factual allegations in this paragraph.

34.     The United States admits that on or about December 18, 2007, MRAP-II awards were issued to I-3 and to BAE Systems.  The United States lacks sufficient information to admit or deny the remaining factual allegations.

35.     The United States admits that it ordered six vehicles from I-3 and that on or

about April 21, 2008, I-3 briefed MARCORSYSCOM.  The United States lacks sufficient information to admit or deny the remaining factual allegations in this paragraph.

36.     The United States denies that it did not order Plaintiffs' vehicle as part of the MRAP-II procurement.  The United States admits that it ordered EFP-resistant add-on armor kits and vehicles from vendors other than Plaintiffs.  The United States lacks sufficient information to admit or deny the remaining factual allegations in this paragraph.

37.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States denies that any contractor received any material developed by any other contractor.  The United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

38.     The United States admits that Plaintiffs filed FOIA requests.  The United States lacks sufficient information to admit or deny the remaining factual allegations.

39.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

40.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States admits that on or about July 28, 2014, TRP sent an administrative claim for patent infringement to the Department of the Navy, that Plaintiffs cited DFARS 227.7002 in that letter or claim, and that Plaintiffs' claim asserted that MRAP vehicles integrated with MEAP kits infringed the patents-in-suit.  The United States lacks sufficient information to admit or deny the reaming factual allegations, if any.

41.     The United States admits that January 31, 2017, the Department of the Navy responded to TRP's administrative claim letter with its final denial of the entire claim.

COUNT I:  ALLEGED INFRINGEMENT OF THE '540 PATENT

42.     The Court dismissed the allegations in this paragraph for want of jurisdiction; to the extent a response is required the United States incorporates and repeats its responses to each of the allegations set forth in paragraphs 1 through 41 of the complaint as if set forth fully herein.

43.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

44.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

45.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

46.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the

remaining factual allegations, if any.

47.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

48.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

49.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

50.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

51.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

52.     The Court dismissed the allegations in this paragraph for want of

jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

53.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

54.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

55.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

56.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

57.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the

remaining factual allegations, if any.

COUNT II:  ALLEGED INFRINGEMENT OF THE '648 PATENT

58.     The United States incorporates and repeats its responses to each of the allegations set forth in paragraphs 1 through 57 of the complaint as if set forth fully herein.

59.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

60.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

61.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

62.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

63.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

64.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the

remaining factual allegations, if any.

65.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

66.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

67.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

68.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

69.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

70.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

71.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

COUNT III:  ALLEGED INFRINGEMENT OF THE '008 PATENT

72.     The United States incorporates and repeats its responses to each of the allegations set forth in paragraphs 1 through 71 of the complaint as if set forth fully herein.

73.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

74.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

75.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

76.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

77.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

78.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

79.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

80.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

81.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

82.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

83.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

84.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

85.     The allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

86.     The allegations in this paragraph are legal conclusions; to the extent a

response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

COUNT IV:  ALLEGED TAKING UNDER THE FIFTH AMENDMENT

87.    The Court dismissed the allegations in this paragraph for want of jurisdiction; to the extent a response is required the United States incorporates and repeats its responses to each of the allegations set forth in paragraphs 1 through 86 of the complaint as if set forth fully herein.

88.    The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

89.    The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

90.    The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

91.    The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the

remaining factual allegations, if any.

92.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

93.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

94.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

95.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

COUNT V:  ALLEGED BREACH OF IMPLIED-IN-FACT CONTRACT

96.     The Court dismissed the allegations in this paragraph for want of jurisdiction; to the extent a response is required the United States incorporates and repeats its responses to each of the allegations set forth in paragraphs 1 through 95 of the complaint as if set forth fully herein.

97.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

98.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

99.     The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

COUNT VI:  ALLEGED MISAPPROPRIATION OF TRADE SECRET

100.    The Court dismissed the allegations in this paragraph for want of jurisdiction; to the extent a response is required the United States incorporates and repeats its responses to each of the allegations set forth in paragraphs 1 through 100 of the complaint as if set forth fully herein.

101.    The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

102.    The Court dismissed the allegations in this paragraph for want of

jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

103.    The Court dismissed the allegations in this paragraph for want of jurisdiction and the allegations in this paragraph are legal conclusions; to the extent a response is required the United States lacks sufficient information to admit or deny the remaining factual allegations, if any.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' complaint consist of Plaintiffs' Prayer for Relief; to the extent a response is required the United States denies that Plaintiffs are entitled to any relief of any kind.

## AFFIRMATIVE AND OTHER DEFENSES

The United States asserts the following affirmative defenses.  By asserting these defenses, the United States does not intend to take on burdens of proof that it would not otherwise have.  The United States reserves the right to assert any additional defenses to Plaintiffs' claims or any counter-claims against Plaintiffs as they become known during the course of this litigation.

### First Defense

The Court lacks jurisdiction over Plaintiffs' claims.

### Second Defense

The complaint fails to state a claim upon which relief can be granted.

Third Defense

The United States has a license to use or manufacture and to authorize others to use or manufacture on its behalf the inventions claimed in the patents-in-suit and/or data deliverable under one or more of Plaintiffs' contracts with the United States.

Fourth Defense

The patents-in-suit are invalid or unenforceable because of representations made during prosecution of the patents-in-suit, including but not limited to that the inventions claimed in the patents-in-suit were made without Government support.

Fifth Defense

Plaintiffs cannot recover for any use or manufacture that may have occurred outside of the territorial limits of the United States of America.

Sixth Defense

One or more of the claims of the patents-in-suit are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

Seventh Defense

Plaintiffs' claims are barred, in whole or in part, by any applicable equitable doctrines.

Eighth Defense

Plaintiffs' claims are barred, in whole or in part, by 35 U.S.C. §§ 154, 284, 286, 288, 28 U.S.C. §§ 1498(a), 1961, and 2401, and/or 31 U.S.C. § 3727.

// (continued)

The United States reserves the right to assert any additional defenses to Plaintiffs' claims as they become known during the course of this litigation.

RELEIF REQUESTED BY THE UNITED STATES

WHEREFORE, the United States prays that the Court enter judgment against Plaintiffs and in favor of the United States and Third-Party Defendants as follows:

A.      Dismiss the Complaint with prejudice;

B.      Deny all remedies and relief that Plaintiffs seek;

C.      Enter judgment that the United States has a license to use or manufacture and to authorize others to use or manufacture on its behalf the inventions claimed in the patents-in-suit and/or data deliverable under one or more of Plaintiffs' contracts with the United States;

D.      Enter judgment that the United States and Third-Party Defendants do not infringe any valid and enforceable claim of the patents-in-suit, either directly or indirectly and either literally or under the doctrine of equivalents;

E.      Enter judgment that Plaintiffs cannot recover for any use or manufacture that may have occurred outside the territorial limits of the United States of America;

F.      Enter judgment that the claims of the patents-in-suit are invalid;

G.      Enter judgment that the claims of the patents-in-suit are unenforceable;

H.      Enter judgment that the claims of the patents-in-suit are barred by any equitable doctrines;

I.      Award the United States and Third-Party Defendants their costs in this action;

J.      Award the United States and Third-Party Defendants their reasonable attorneys' fees to the extent permitted by law; and

K.      Award the United States and Third-Party Defendants such other and further relief as this Court may deem just and proper.


April 3, 2019                                  Respectfully submitted,

                                               JOSEPH H. HUNT
                                               Assistant Attorney General

                                               GARY L. HAUSKEN
                                               Director

                                               /s/ Lee Perla
                                               LEE PERLA, Trial Attorney
                                               U.S. Dept. of Justice
                                               Washington, DC  20530
                                               Tel:  202-307-0335; Fax:  202-307-0345
                                               Email:  lee.perla@usdoj.gov
                                               *Counsel for the United States of America*